UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TONY TARTT,

              Plaintiff,

  - against -

C.O. A. WHITE; SERGEANT PAMELA NORRIS;
and C.O. JACQUELINE FRAZIER,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-7125 (RRM) (ST)

ROSLYNN R. MAUSKOPF, United States District Judge.

Before the Court is defendants' motion to dismiss for failure to prosecute. For the reasons that follow, defendants' motion is granted, and this action is dismissed with prejudice.

## BACKGROUND

Plaintiff Tony Tartt, *pro se*, commenced this action on September 22, 2015, alleging that he was beaten and denied medical care while he was incarcerated at Fishkill Correctional Facility. (Compl. (Doc. No. 2).) An initial conference was scheduled for February 22, 2017 before Magistrate Judge Tiscione. (11/28/16 Minute Entry.) Tartt failed to appear and did not contact the Court or the defendants. (2/23/17 Minute Entry (Doc. No. 33).) Judge Tiscione re-scheduled the initial conference for March 17, 2017, ordered Tartt to show good cause why he failed to appear, and warned Tartt that if he failed to appear again, Judge Tiscione would recommend that the action be dismissed. (*Id.*) Tartt failed to appear for the March 17 conference, and Judge Tiscione indicated his intention to submit a recommendation that the case be dismissed for failure to prosecute. (3/17/17 Minute Entry (Doc. No. 35).)

On April 7, 2017, Tartt wrote a letter to the Court explaining that he had missed the two scheduled conferences because he had changed addresses and he had never received the notices

informing him of the dates and times. (Tartt Letter (Doc. No. 37).) The docket was then updated to reflect the change in address. (4/7/17 Docket Entry.) Tartt had not informed the Court of this change of address. Judge Tiscione again rescheduled the initial conference, which was ultimately set for May 22, 2017. (5/8/17 Minute Entry.) Although Tartt appeared for this conference, he was over an hour late. (5/3/17 Minute Entry (Doc. No. 42).) Judge Tiscione set a July 7, 2017, deadline for initial disclosures, and scheduled an August 22, 2017 status conference. (*Id.*)

On July 6, 2017, defendants attempted to mail their interrogatories and responses to plaintiff's interrogatories to Tartt at the address he provided on April 7, 2017, but the documents were returned as undeliverable. (Shev Decl. (Doc. No. 54) ¶ 12.) Defendants hand-delivered these materials to Tartt at the August 22, 2017 conference. (*Id.* ¶ 13.) At the conference, Judge Tiscione set November 24, 2017 as the deadline for completing paper discovery, and January 9, 2018, as the deadline for completing depositions. (8/22/17 Minute Entry (Doc. No. 43).) A status conference was scheduled for January 9, 2018. (*Id.*)

On October 3, 2017, defendants attempted to mail a letter to Tartt reminding him of his discovery obligations, but the letter was returned as undeliverable. (Shev Decl. ¶ 14.) On October 30, 2017, defendants called Tartt, who informed them that discovery was being handled by his new attorney. (*Id.* ¶ 15.) Tartt could not remember the name of his attorney, but told defendants that he would have the attorney contact defendants. (*Id.*) Defendants were never contacted, and no attorney ever appeared on Tartt's behalf. (*Id.*)

On November 22, 2017, the defendants wrote to the Court to explain that Tartt had refused to engage in discovery and had not responded to defendants' discovery requests. (10/22/17 Letter (Doc. No. 45).) Defendants requested that the Court issue an Order to Show

Cause directing Tartt to explain why the case should not be dismissed for failure to prosecute. (*Id.*) By order entered November 27, 2017, Judge Tiscione scheduled a hearing for December 7, 2017, where Tartt would be required to show cause as to why the case should not be dismissed for failure to prosecute. (11/27/17 Minute Entry.) After receiving this order, defendants called Tartt to ask for consent to adjourn the hearing. (Shev Decl. ¶ 18.) Tartt informed defendants that he was in Florida, and was not aware of the defendants November 22 letter, or the Court's November 27 order. (*Id.*) Tartt also told defendants that he had retained an attorney named Eric Levy, and confirmed his contact information. (*Id.* ¶ 21.) However, when defendants contacted Mr. Levy, he claimed that he would not be appearing in this case. (*Id.* ¶ 22) Since that date, neither Tartt, nor any attorney representing him, has contacted the defendants, or entered a notice of appearance. (Shev Decl. ¶¶ 15, 25.)

Tartt did not appear for the December 7, 2017 hearing, and could not be reached by phone. (12/7/17 Minute Entry (Doc. No. 49).) In response, Judge Tiscione ordered Tartt to provide responses to all outstanding discovery requests by December 29, 2017, and warned that if he failed to do so, Judge Tiscione would permit defendants to file a motion to dismiss for failure to prosecute. (*Id.*) Tartt never responded to defendants' discovery requests. (Shev Decl. ¶ 28.)

On January 3, 2018, defendants informed Judge Tiscione that Tartt was in violation of the Court's order and expressed their intent to move to dismiss the case for failure to prosecute. (1/3/18 Letter (Doc. No. 51).) Judge Tiscione directed defendants to file their motion by January 31, 2018, and Tartt to submit his opposition by February 28, 2018. (1/5/18 Minute Entry.) Defendants filed their motion to dismiss on January 1, 2018. (Mot. to Dismiss (Doc. Nos. 52–53).) Tartt never responded.

3

**DISCUSSION**

Federal Rule of Civil Procedure ("Rule") 41(b) allows a defendant to move to dismiss a case when "the plaintiff fails to prosecute or to comply with these rules or a court order." *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (noting that the standard of review is abuse of discretion). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Dismissal with prejudice is "the harshest of sanctions" and *pro se* complaints should only be dismissed for failure to prosecute "when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citations omitted).

In deciding a motion for a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* No single factor is dispositive, and in weighing the five factors, a court must consider the record of the entire case as a whole. *Lewis*, 564 F.3d at 576. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Dismissal of Tartt's claims with prejudice is appropriate under Rule 41(b) because each of the five factors weighs in favor of dismissal. First, Tartt has refused to engage in discovery or advance the case. Tartt failed to appear for the first scheduled initial conference on February 22, 2017, and since that date, he has appeared over an hour late for a conference, failed to attend a

third conference, and violated multiple court orders that he respond to defendants' discovery requests. For approximately 16 months, Tart has effectively done nothing to prosecute his case.

Second, Tartt was repeatedly warned that failure to comply would result in dismissal. After Tartt missed the first initial conference, Judge Tiscione stated that if the plaintiff failed to appear again, Judge Tiscione would recommend that the action be dismissed. After Tartt missed the rescheduled conference, Judge Tiscione again noted his intention to recommend that the case be dismissed for failure to prosecute. When Tartt failed to appear for the December 7, 2017 conference, Judge Tiscione ordered Tartt to respond to all outstanding discovery requests by December 29, 2017, or Judge Tiscione would permit defendants to move to dismiss for failure to prosecute. When Tartt failed to meet this discovery deadline, Judge Tiscione set a briefing schedule for defendants to make their motion.

Third, case law establishes a presumption that a plaintiff's unreasonably delay may prejudice the defendant. *See, e.g.*, Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Here, Tartt has unreasonably delayed the case by ignoring court orders and deadlines without requesting extensions of time or offering any cause for noncompliance. In addition, the defendants point to the fact they have been forced to expend resources engaging in discovery, which Tartt has not responded to, and preparing for court appearances, which Tartt has not attended. Therefore, the defendants are likely to be prejudiced by further delays in the proceedings.

Fourth, the Court has a need to avoid calendar congestion and ensure the timely disposition of cases. Because Tartt has willingly sacrificed numerous opportunities to continue with his case, the Court's needs outweigh Tartt's interest in receiving additional chances to be heard.

5

Fifth, it is clear from Tartt's repeated unwillingness to comply with court orders and meet court deadlines that no sanction less drastic than dismissal is appropriate. Not only has Tartt failed to attend three conferences, and appeared over an hour late for a fourth, he has also failed to keep the Court updated with his current address, leaving the Court's ability to even communicate a lesser sanction in doubt. In addition, Tartt has failed to engage in any discovery, and has failed to respond to defendant's motion to dismiss for failure to prosecute.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss for failure to prosecute (Doc. No. 52) is granted.

The Clerk of Court is respectfully requested to enter judgment accordingly, and close this case. The Clerk of Court is further directed to mail a copy of this Memorandum and Order and the accompanying judgment to the *pro se* plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 26, 2018

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge